HERMAN C. SCHUBERT V. EASTMAN REALTY CO.

1. RESTRICTION IN DEEDS AS TO BUILDING LINE AND RESIDENCE PURPOSES NOT ENFORCEABLE WHEN PROVISIONS NOT UNIFORM.

> Where lots into which a tract of land has been divided by the owner are conveyed by him with restrictions as to the purposes for which the land may be used and limitations as to the number and position of the improvements, such restrictions, if not uniform as to the various lots, create no rights in favor of the owners of the several lots which may be enforced in equity by one of them.

2. LOT OWNER VIOLATING BUILDING RESTRICTIONS ESTOPPED TO ENJOIN ANOTHER FROM VIOLATING SAME CONDITION.

> Where the owner of a tract of land divides it into lots which he conveys subject to certain building restrictions, the violation, by one of the several lot owners, of a restriction in his deed, will not be enjoined at the suit of another who has violated a similar restriction in the deed of his own lot.

APPEAL by plaintiff.

**Foran, McTighe & Gage,** for plaintiff.

**Higley & Maurer,** for defendant:

Restrictions imposed by deed upon the use of real property are personal unless imposed for the benefit of all purchasers pursuant to a general plan or scheme of improvement of the allotment. Dana v. Wentworth, 111 Mass. 291; Peck v. Conway, 119 Mass. 546; Shinner v. Shepard, 130 Mass. 180; Tobey v. Moore, 130 Mass. 448; 40 Mo. App. 54; DeGray v. Club House Co. 50 N. J. Eq. 329 [24 Atl. Rep. 388]; Jones, Real Property & Conveyancing Sec. 771.

Plaintiff who has violated restrictive clauses himself or who has permitted others to violate restrictive clauses may not enforce such clauses against other purchasers. Russell v. Harpel, 10 Circ. Dec. 732 (20 R. 127); Besel v. Railway Co. 70 N. Y. 171, 176.

A porch having a roof and foundation permanently attached is a part of the building within a restrictive clause requiring the building to be a certain distance from the street line. Plaintiff has therefore violated the restriction. Ogontz Land & I. Co. v. Johnson, 168 Pa. St. 178 [31 Atl. Rep. 1008]; Bagnall v. Davies, 140 Mass. 76 [2 N. E. Rep. 786]; Reardon v. Murphy, 163 Mass. 501 [40 N. E. Rep. 854].

The restriction "to erect but one dwelling house" on a lot is not violated by the erection of an apartment house for many families. Hutchinson v. Ulrich, 145 Ill. 336 [34 N. E. Rep. 556; 21 L. R. A. 391].

McGuire v. Caskey, 62 Ohio St. 419 [57 N. E. Rep. 53], involved none of the issues presented here. In that case there was a general plan, and its only violations were by common consent and were of a restrictive clause not involved in the controversy between the parties. One restrictive clause in a general plan may be abandoned without affecting the validity of the remaining clauses. Latimer v. Livermore, 72 N. Y. 174, 176.

## WINCH, J.

Plaintiff is the owner of sublot No. 66 in Henry Lower's subdivision of part of original Brooklyn township lots Nos. 9 and 10 as shown on the plat of said subdivision recorded in volume nineteen of Maps, page twenty-eight of Cuyahoga county records. His lot is 56.5 feet front on Detroit street and 200 feet deep along the westerly line of Eastman street. Defendant is the owner of sublots Nos. 23, 24 and 25 in said Lower's subdivision, making a frontage of 166½ feet on Detroit street and having a depth of 200 feet along the easterly side of Eastman street.

Plaintiff alleges that he brings his action in his own behalf and for the use of numerous other property owners having lots fronting on Detroit street to restrain the defendant from violating certain building restrictions contained in the deeds to its property by erecting a four-story apartment house within forty feet of the Detroit street line, it being claimed that defendant's deeds provide that only one dwelling house be erected upon each of its lots and that said dwelling houses be built back fifty feet from the street line. It is claimed that Henry Lower, who subdivided the land and platted the allotment and under whom both parties claim, in each and every deed conveying lots on Detroit street inserted similar covenants, restrictions and limitations as to the character of the improvements to be built upon said lots by the purchasers, the distance from the street line that improvements should be erected, etc.; that all such lot purchasers, including plaintiff, but excepting defendant, had complied with such restrictions.

Plaintiff says that defendant's violation of said conditions and restrictions will obstruct the view of other lot purchasers in the subdivision, including himself, and shut off their light and air and depreciate the value of their property for private residence purposes.

Defendant's answer denies that it is violating any of said restrictions, and further alleges that none of the limitations or restrictions inserted by Lower in his deeds to his Detroit street lots were inserted for the benefit of adjoining property owners, nor pursuant to any general scheme of improvement, but for his own benefit and that he is not complaining; that said restrictions as to the various lots, ten in number, on Detroit street,

22  O. C. C. Vol. 25.

were not uniform and have not been complied with by plaintiff or any other lot owners, but that by common consent all lot owners on Detroit street have disregarded said restrictions.

By the pleadings this case is brought squarely under the rule of law laid down in 1 Jones, Real Property in Convey. Sec. 771:

"Where the owner of a tract of land adopts a general scheme for its improvement, dividing it into lots and conveying them with uniform re-strictions as to the purposes for which the land may be used, such restrictions create equitable easements in favor of the owners of the several lots, which may be enforced in equity by one of such owners."

Let us examine the restrictions inserted by Henry Lower in the deeds of the ten lots on Detroit street, in order that we may determine whether the owner of the original tract of land when he divided it into lots adopted a uniform scheme for its improvement and conveyed the lots with uniform restrictions as to the purposes for which the land might be used.

Two lots (Nos. 69 and 70) were conveyed without any restrictions whatsoever.

Four lots (Nos. 25, 66, 67 and 68) were conveyed with restrictions that the building line should be fifty feet back from the sidewalk.

Four lots (Nos. 21, 22, 23 and 24) have a forty foot building line.

Five lots (Nos. 21, 22, 23, 24 and 66) have a condition that but one dwelling house shall be erected thereon.

On six lots (Nos. 21, 22, 23, 24, 25 and 68) liquor cannot be sold.

Six lots (Nos. 23, 24, 25, 66, 67 and 68) are to be used for residence purposes only.

It therefore appears that no uniform scheme of improvement was adopted either as to the building line or as to there being but one dwelling house upon every lot. It follows that plaintiff is not entitled to the relief he prays for. This view of the case makes it unnecessary for this court to determine whether an apartment house is "one dwelling house." It is admitted that defendant might build an apartment house on lot No. 25, but it is claimed that he could not build one on lot No. 23 or lot No. 24. Lot No. 25 is the lot nearest plaintiff's lot and an apartment house on that lot would do all the damage plaintiff claims would flow from any apartment house on any of defendant's lots. This inconsistency illustrates the soundness and wholesomeness of the rule of law above quoted from Jones on Real Property in Conveyancing.

There is another reason why plaintiff is not entitled to an injunction:

The proof shows that the building line of plaintiff's lot is fifty feet

from the street line. The main part of his house conforms to the restrictions in his deed, but a bay window, two stories high, is within forty-five feet of the street line. This bay window is in the shape of a tower, is a substantial part of his house, and encloses rooms therein. His porch is a heavy, substantial structure, having a solid foundation and slate roof, heavy columns and of such style and construction that it must substantially interfere with the view of his neighbors. This porch is within forty feet of the street line.

It cannot be contended that plaintiff can compel his neighbor to put his building back fifty feet from the street when he himself is within forty or forty-five feet of the street. And if he asks his neighbor to go back as far as he is from the street, should the porch not be considered, the line established would be not more than forty-five feet from the street and he would be asking us to enforce a building restriction established not by the original owner of the land for the common benefit of all lot owners, but by one lot owner for his own benefit and to suit his own convenience.

The petition is dismissed at plaintiff's costs.

---

## ATTACHMENT AND GARNISHMENT—JUDGMENTS.

[Summit (8th) Circuit Court, October 2, 1903.]

Hale, Marvin and Winch, JJ.